<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4648**

UNITED STATES OF AMERICA,

       Plaintiff – Appellee,

   v.

FRANTONIO LEE BRUNSON,

       Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, District Judge. (5:14-cr-00260-FL-1)

Submitted: August 19, 2016      Decided: September 2, 2016

Before GREGORY, Chief Judge, and DUNCAN and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Chief Appellate Attorney, Jennifer C. Leisten, Research and Writing Attorney, Raleigh, North Carolina, for Appellant. John Stuart Bruce, Acting United States Attorney, Jennifer P. May-Parker, Phillip A. Rubin, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Frantonio Lee Brunson pled guilty to possession of a firearm by a convicted felon, 18 U.S.C. § 922(g) (2012). He was sentenced to 96 months in prison. Brunson appeals, challenging his sentence on two grounds. We affirm.

I

"[A]ny sentence, within or outside of the Guidelines range, as a result of a departure or a variance, must be reviewed by appellate courts for reasonableness pursuant to an abuse of discretion standard." United States v. Diosdado-Star, 630 F.3d 359, 365 (4th Cir. 2010); see also Gall v. United States, 552 U.S. 38, 51 (2007). This review requires consideration of both the procedural and substantive reasonableness of the sentence. Diosdado-Star, 630 F.3d at 363. We first decide whether the district court correctly calculated the defendant's advisory Guidelines range, considered the relevant 18 U.S.C. § 3553(a) (2012) factors, analyzed the arguments presented by the parties, and sufficiently explained the selected sentence. United States v. Lynn, 592 F.3d 572, 575-76 (4th Cir. 2010). If we conclude that a sentence is free of significant procedural error, we then consider its substantive reasonableness. Id. at 575.

Brunson first claims that the district court erred when it enhanced his offense level by four levels because he possessed the firearm in connection with drug trafficking. The relevant Guideline provides for such an enhancement if the defendant "used or possessed any firearm . . . in connection with another felony offense." U.S. Sentencing Guidelines Manual § 2K2.1(b)(6)(B) (2014).

In assessing the district court's application of the Guidelines, we review the district court's factual findings for clear error and its legal conclusions de novo. United States v. Horton, 693 F.3d 463, 474 (4th Cir. 2012). We will find clear error only if, on the entire evidence, "we are left with the definite and firm conviction that a mistake has been committed." Id. at 631 (internal quotation marks omitted).

A firearm is possessed in connection with another offense "if the firearm . . . facilitated, or had the potential of facilitating, another felony offense." USSG § 2K2.1 cmt. n.14(A). "[T]he firearm must have some purpose or effect with respect to the . . . crime; its presence or involvement cannot be the result of accident or coincidence." United States v. Hampton, 628 F.3d 654, 663 (4th Cir. 2010) (internal quotation marks omitted). The enhancement applies when the other felony offense is a "drug trafficking offense in which a firearm is

found in close proximity to drugs, drug-manufacturing materials, or drug paraphernalia." USSG § 2K2.1 cmt. n.14(B).

The district court did not clearly err in finding that Brunson used the firearm to facilitate drug trafficking. The firearm was found in close proximity to marijuana and baggies, which are commonly used by drug traffickers to package drugs. Further, Brunson had over $2000 in cash on his person, and the cash was in denominations typically used by drug traffickers.

III

Brunson's Guidelines range was 70-87 months. The district court imposed a variant sentence of 96 months primarily because Brunson's criminal history score did not adequately reflect the extent of his past offenses. "Regardless of whether the district court imposes an above, below, or within-Guidelines sentence, it must place on the record an individualized assessment based on the particular facts of the case before it." United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (internal quotation marks omitted). While the "individualized assessment need not be elaborate or lengthy, . . . it must provide a rationale tailored to the particular case . . . and adequate to permit meaningful appellate review." Id. (internal quotation marks omitted).

Having carefully reviewed the sentencing transcript, the presentence investigation report, and the arguments of counsel,

4

we conclude that the sentence was reasonable.  We note, as did the district court, that Brunson had an extensive criminal history, and that many of his past offenses, including multiple drug offenses, were not included in his criminal history score. The district court's explanation for imposing a variant sentence was sufficient, and we discern no abuse of discretion in the imposition of the 96-month sentence.

IV

We therefore affirm.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED